

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JACKIE R. SUTTON, | § | |
| as Personal Representative of | § | |
| the Estate of Jhimeric Sutton, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 3:17-01161-MGL |
| | § | |
| MOTOR WHEEL CORPORATION, LLC; | § | |
| HAYES LEMMERZ INTERNATIONAL, | § | |
| INC.; CHEETAH CHASSIS | § | |
| CORPORATION; SOUTH ATLANTIC | § | |
| CONSOLIDATED CHASSIS POOL, LLC; | § | |
| CONSOLIDATED CHASSIS | § | |
| MANAGEMENT, INC.; WEIFANG LUYI | § | |
| RUBBER PRODUCTS CO., LTD.; | § | |
| LEOPARD, INC.; HUANGZHOU | § | |
| GENERAL RUBBER FACTORY; and | § | |
| HUANGZHOU ZHONGCE | § | |
| RUBBER CO., LTD., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS**

## I.  INTRODUCTION

This is an action for negligence, strict liability, and breach of implied warranty. The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

Pending before the Court is Defendants Huangzhou General Rubber Factory and Huangzhou Zhongce Rubber Co., Ltd.'s (collectively HZR) motion to dismiss. ECF No. 40. Having carefully considered HZR's motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court HZR's motion to dismiss will be granted.

## II. PROCEDURAL HISTORY

This case stems out of a death which occurred in June, 2014. ECF No. 1-1 at 6. According to Plaintiff's Complaint, on June 14, 2014, Jhimeric Sutton (Mr. Sutton) was repairing a tire allegedly manufactured by HZR when the pieces of the rim on which the tire was mounted separated with "explosive force." *Id.* The pieces of the rim struck Mr. Sutton in the head killing him. *Id.*

On March 9, 2017, Plaintiff filed suit in the Court of Common Pleas for Lexington County, South Carolina. *Id.* at 14-19. On March 17, 2017, Plaintiff filed an amended complaint in that court. *Id.* at 4-9. Plaintiff's amended complaint brought claims for negligence, strict liability, and breach of implied warranty. *Id.* Defendants removed the action to this Court on May 4, 2017. ECF No. 1.

HZR filed its motion to dismiss on September 1, 2017. ECF No. 40. HZR argued Plaintiff's claims against HZR should be dismissed because Plaintiff failed to properly serve HZR and because this Court may not exercise personal jurisdiction over HZR. *Id.* The Court granted two extensions of time for Plaintiff to respond to HZR's motion to dismiss. ECF Nos. 42, 46. On November 20, 2017, the Court issued an Order granting Plaintiff's motion to stay the deadline to respond to HZR's motion to dismiss to allow Plaintiff to conduct jurisdictional discovery. ECF No. 52. The Order directed Plaintiff to conduct jurisdictional discovery and respond to HZR's

motion to dismiss on or before February 12, 2018. *Id.* Plaintiff failed to meet that deadline. On February 16, 2018, the Court issued an Order directing Plaintiff to file her response by February 20, 2018. ECF No. 57.

On February 20, 2018, Plaintiff and HZR stipulated HZR's claim of improper service is moot and personal jurisdiction is the sole issue remaining for the Court to decide in HZR's motion to dismiss. ECF No. 59. Plaintiff responded to HZR's motion to dismiss on February 20, 2018, ECF No. 61, and HZR replied on March 6, 2018, ECF No. 68. On April 16, the Court noticed an evidentiary hearing on HZR's motion to dismiss, ECF No. 72; the hearing was held April 25, 2018, ECF No. 76. Following the hearing, at Plaintiff's request, Defendant Leopard, Inc. (Leopard) filed an affidavit relevant to the issue of the Court's jurisdiction over HZR. ECF No. 78. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of HZR's motion to dismiss.

### III. STANDARDS OF REVIEW

A defendant may bring a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Once a defendant makes such a motion, the plaintiff bears the burden of showing personal jurisdiction, but the plaintiff's burden varies depending upon the posture of the case and the evidence before the court. *Grayson v. Anderson*, 816 F.3d 262, 267-68 (4th Cir. 2016). When the court evaluates personal jurisdiction based solely upon the motion papers, affidavits, memoranda, and complaint, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion to dismiss. *Id.* at 268 (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). The court, in such an analysis, must take the relevant allegations and evidence in the light most favorable to the plaintiff. *Id.* at 268.

Ultimately, however, the plaintiff must show the court's personal jurisdiction over a defendant by a preponderance of the evidence. *Id.* (citing *Combs v. Bakker*, 886 F.2d at 676). Where the court holds the plaintiff to the preponderance of the evidence standard prior to trial, it must hold an evidentiary hearing, but such a hearing need not involve live testimony. *Id.* at 268-69. Instead, the court need only "afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments." *Id.* at 268. Once the court has given such an opportunity, it must hold the plaintiff to the preponderance of the evidence standard. *Id.* At the hearing, the court can receive evidence in the form of "live testimony . . . depositions, interrogatory answers, admissions, or other appropriate forms." *Id.* at 269.

For a federal court to exercise personal jurisdiction over a non-resident defendant such as HZR: 1) the long-arm statute of the forum State must allow such jurisdiction, and 2) the exercise of jurisdiction must be in keeping with the requirements of Fourteenth Amendment due process. *See Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). South Carolina's long-arm statute reaches to the limits of due process. *Triplett v. R.M. Wade & Co.*, 200 S.E.2d 375, 378-79 (S.C. 1973). Thus, the two-part inquiry becomes a single inquiry: whether the exercise of personal jurisdiction satisfies constitutional due process. *See Nolan*, 259 F.3d at 215.

Due process is met when the defendant has "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). For due process to be satisfied such that exercising personal jurisdiction is appropriate, "defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there."

4

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). A defendant's contacts with the forum State are measured at the time the incident giving rise to the litigation occurred. *See Rossman v. State Farm Mut. Auto. Ins. Co.*, 832 F.2d 282, 287 n.2 (4th Cir. 1987).

A court can exercise two types of personal jurisdiction over an out-of-state defendant—specific jurisdiction and general jurisdiction. *ALS Scan, Inc. v. Dig. Serv. Consultants, Inc.*, 293 F.3d 707, 711-12 (4th Cir. 2002). A court can exercise specific jurisdiction where a defendant's contacts with the forum State are the basis for the lawsuit. *Id.* at 712. In deciding whether specific jurisdiction exists, a court looks at: "(1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* For a court to properly exercise specific personal jurisdiction over an out-of-state defendant, the defendant, through some act of his own, must have purposefully targeted the forum State.

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . . it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe Co.*, 326 U.S. at 319); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (citations omitted) (1985) (noting purposeful availment requires an act or acts by the defendant which target the forum State or create "'continuing obligations'" between defendant and the forum State's residents).

When a defendant's contacts with the forum State are not the basis for the lawsuit, the court may exercise general jurisdiction over defendant. *ALS Scan, Inc.*, 293 F.3d at 711-12. "To establish general jurisdiction over the defendant, the defendant's activities in the state must have

5

been 'continuous and systematic," a more demanding standard than is necessary for establishing specific jurisdiction." *Id.* at 712. For a court to assert general jurisdiction over an out-of-state defendant, the defendant's connection to the forum State must be "so 'continuous and systematic' as to render [defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A foreign corporation is at home in its place of incorporation and its principal place of business. *Id.* at 924-25. In an "exceptional case," an out-of-state corporation may be at home in a forum other than its place of incorporation or primary place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 n.19 (2014).

Even if a court holds a defendant has sufficient contacts with the forum State to make personal jurisdiction appropriate, it must still evaluate whether exercising personal jurisdiction over defendant would "comport with 'fair play and substantial justice.'" *Burger King Corp.*, 471 U.S. at 476 (quoting *Int'l Shoe Co.*, 326 U.S. at 320). To determine whether the exercise of personal jurisdiction would be fair, the court looks at: 1) burden to the defendant; 2) the forum State's interest in adjudicating the claim; 3) plaintiff's interest in obtaining relief; 4) the interest in judicial efficiency, and 5) the interests of the states in advancing social policies. *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 113-15 (1987) (citations omitted).

IV.  **CONTENTIONS OF THE PARTIES**

HZR avers Plaintiff's claims against it should be dismissed because Plaintiff fails to show the Court can exercise either general or specific personal jurisdiction over China-based HZR. Regarding specific jurisdiction, HZR argues it has not purposefully availed itself of the South Carolina market, and placing a product in the stream of commerce without more is insufficient to

support personal jurisdiction. As to general jurisdiction, HZR argues it does not have meaningful, systematic, continuous contacts with South Carolina. Thus, HZR concludes, it would be unfair for this Court to exercise personal jurisdiction over HZR.

Plaintiff responds that, taking the relevant facts and inferences in her favor, she has met her burden to make a prima facie case for the Court's exercise of personal jurisdiction over HZR. Plaintiff advances specific jurisdiction is appropriate because HZR purposefully availed itself of South Carolina. Further, Plaintiff claims HZR did more than simply place its products into a stream of commerce; HZR directed its actions at South Carolina. Plaintiff likewise avers she has shown sufficient contacts to support the Court's exercise of general jurisdiction over HZR. Plaintiff thus concludes it would be fair for this Court to exercise personal jurisdiction over HZR.

HZR replies the contacts Plaintiff advances as providing the Court with a basis for personal jurisdiction over HZR do not, in fact, allow such jurisdiction. HZR further argues the case Plaintiff relies upon for her argument HZR did more than place its products in the stream of commerce is inapposite. For those reasons, HZR avers its motion to dismiss should be granted.

## V. DISCUSSION AND ANALYSIS

As a preliminary matter, in briefing, both Plaintiff and HZR advance Plaintiff's burden to show the Court may exercise personal jurisdiction over HZR is the lower *prima facie* standard. The Court notes Plaintiff attached to her response three exhibits: 1) a photograph of the tire at issue in this case showing its DOT code; 2) a portion of a website for ZC Rubber, a successor to Zhongce Rubber Group, Ltd.; and 3) papers showing Leopard, the distribution company that distributed Huangzhou Zhongce Rubber Co., Ltd.'s tires in the United States, is authorized to do business in South Carolina, and has an agent for service in South Carolina, who was served in this case.

7

In granting Plaintiff's motion to stay, the Court gave the parties a fair opportunity to present their evidence and legal arguments regarding personal jurisdiction. The Court also noticed an evidentiary hearing on HZR's motion to dismiss. Because Plaintiff's attachments may not be "motion papers," and because the Court gave the parties notice of the need to present jurisdictional evidence and arguments, the Court could properly review Plaintiff's evidence the Court can exercise personal jurisdiction over HZR under the higher preponderance of the evidence standard. At the evidentiary hearing, HZR agreed the preponderance of the evidence standard would be appropriate; Plaintiff averred the lower prima facie standard should apply.

At the hearing, the Court informed the parties, in an abundance of caution, it would review the jurisdictional evidence under both the prima facie and preponderance of the evidence standards. As analyzed below, however, Plaintiff fails to make even a prima facie showing the Court can exercise personal jurisdiction over HZR. Accordingly, if the higher preponderance of the evidence burden applies, Plaintiff would fail to meet that standard as well.

**A) Specific Personal Jurisdiction**

As stated above, for specific jurisdiction to be proper: 1) the defendant must have purposefully availed itself of doing business in the forum State; 2) the claim must arise out of the defendant's activities directed at the forum State; and 3) personal jurisdiction must be constitutionally reasonable. *ALS Scan, Inc.*, 293 F.3d at 712. Plaintiff claims all three of these conditions are met. The Court disagrees.

Plaintiff argues HZR satisfied South Carolina's long-arm statute, and thus purposefully availed itself of doing business in South Carolina. South Carolina's long arm-statute allows for specific jurisdiction where a defendant "caus[es] tortious injury or death in this State by an act or omission outside this State if [defendant] . . . derives substantial revenue from goods used or

8

consumed . . . in this State." S.C. Code Ann. § 36-2-803(A)(4). Plaintiff avers HZR gained substantial revenue from goods sold in South Carolina, thus availing itself of doing business in the State, because its distribution agreement with Leopard required Leopard to sell nearly $6 million worth of HZR tires annually across the United States, and 1/50 of $6 million, which could have come from South Carolina as one of the fifty United States, is substantial revenue. Plaintiff, however, provides no allegation Leopard was required to, or did, sell any HZR goods in South Carolina.

South Carolina's long-arm statute also provides for specific personal jurisdiction where the defendant "produc[es], manufacture[s], or distribut[es] [] goods with the reasonable expectation that those goods are to be used or consumed in this State and [they] are so used or consumed." S.C. Code Ann. § 36-2-803(A)(8). Plaintiff advances HZR met the requirements of this provision, thus availing itself of doing business in South Carolina, because it manufactured tires for distribution in the United States, entered into a distribution agreement with Leopard to distribute the tires in the United States, and Leopard is authorized to conduct business in South Carolina. Plaintiff also advances via Leopard's affidavit: "Leopard, Inc. purchases thousands of tires each year from HZR that are delivered through the port of Charleston." ECF No. 78-1 at 2.

Though HZR manufactured tires for distribution in the United States and entered into a contract with Leopard to distribute those tires, those facts do not constitute purposeful availment of the South Carolina market. *See Asahi Metal Indus. Co., Ltd.*, 480 U.S. at 111 (requiring "something more" than a product's entry into a forum State via stream of commerce to establish a basis for specific personal jurisdiction); *see also World-Wide Volkswagen Corp.*, 444 U.S. at 295 (stating "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process clause.").

Further, Leopard's authorization to do business in South Carolina, maintaining an agent for service in the State, and importing tires through the port of Charleston are irrelevant to whether the Court can properly assert jurisdiction over HZR. It is undisputed Huangzhou Rubber Co., Ltd. sold tires to Leopard, who took possession and ownership of the tires in China. Thus, any decision about which port those tires would be imported through was Leopard's, not HZR's. Further, it was Leopard, not HZR, who was authorized to do business in South Carolina and maintained an agent for service there. Leopard's connections are insufficient to assert personal jurisdiction over HZR. *See Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). For those reasons, Plaintiff has failed to show HZR purposefully availed itself of the privilege of conducting activities in South Carolina.

Assuming *arguendo* Plaintiff could show HZR purposefully availed itself of the South Carolina market, she fails to show HZR directed activities at the State. Plaintiff argues HZR directed activities at South Carolina by using United States based Leopard to distribute its products across the country. Plaintiff argues this is something more than HZR placing its products in the stream of commerce, and relies on *Fallon Luminous Products Corp. v. Multi Media Electronics., Inc.*, 343 F.Supp.2d 502 (D.S.C. 2004), in claiming the Court's exercise of specific personal jurisdiction over HZR is proper.

Plaintiff's argument fails because (1) she is unable to show HZR did something more than place its product in the stream of commerce, and (2) *Fallon* is inapposite to the instant case. HZR's distribution agreement with Leopard lacks any provisions specifically targeting South Carolina, and Plaintiff neglects to allege Leopard ever sold any HZR products in South Carolina. HZR's distribution of its products through a nationwide distributor, without more, is insufficient to create

10

a basis for personal jurisdiction. *See Asahi Metal Indus. Co., Ltd.*, 480 U.S. at 111-12 (requiring an out-of-state defendant do "something more" than place a product in a stream of commerce which might bring the product into the forum State for a court in the forum State to properly assert personal jurisdiction over the defendant); *see also Burger King Corp.*, 471 U.S. at 478 (stating an out-of-state defendant's contract with a forum-State defendant does not automatically establish the forum State's personal jurisdiction over the out-of-state defendant).

In *Fallon*, the court held personal jurisdiction could be asserted over an out-of-state defendant who placed its product into a stream of commerce by selling it to a major retailer with sixty stores in South Carolina, from one of which Fallon purchased the product at issue. By contrast, here there is no allegation any HZR product was ever sold in South Carolina. Further, to the extent Plaintiff relies upon Leopard's importing HZR's tires through the port of Charleston to show HZR directed its product at South Carolina, it was Leopard, not HZR, who selected the port of entry for the tires. Leopard's actions do not constitute HZR's targeting South Carolina. *See Hanson*, 357 U.S. at 253 (citing *Int'l Shoe Co.*, 326 U.S. at 319); *Burger King Corp.*, 471 U.S. at 475-76. For those reasons, Plaintiff's arguments regarding HZR's actions being directed at South Carolina fail.

Because Plaintiff fails to show HZR purposefully availed itself of the South Carolina market or directed its products towards South Carolina, it would be constitutionally unreasonable for the Court to assert specific personal jurisdiction over HZR. Thus, Plaintiff fails to make even a prima facie case for the Court's exercise of specific jurisdiction over HZR. Accordingly, the Court holds it lacks such jurisdiction over HZR.

**B) General Personal Jurisdiction**

Plaintiff also fails to make even a prima facie case the Court may properly exercise general personal jurisdiction over HZR. Plaintiff advances three bases for the Court to exercise general personal jurisdiction over HZR. First, HZR's tires are intended for distribution across the United States as shown by the DOT code with which they are marked. Second, ZC Rubber established a subsidiary, ZC Rubber America, in California in 2013, and ZC Rubber/ZC Rubber America are expanding their sales and distribution in the United States. Finally, HZR uses Leopard to distribute its goods across the United States, and HZR and Leopard agreed to co-advertise HZR products in the United States.

These contacts are insufficient to permit the Court to exercise general jurisdiction over HZR. HZR's manufacturing of tires for distribution in the United States, using Leopard to distribute the tires nationwide, and co-advertising with Leopard in the United States does not constitute contact with South Carolina. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) (plurality opinion) (explaining New Jersey lacked personal jurisdiction where, *inter alia*, distributor agreed to sell the product in the United States, defendant's representatives attended trade shows in other states, and some of defendant's products reached New Jersey).

Furthermore, ZC Rubber America's presence in California and ZC Rubber/ZC Rubber America's expanded sales and distribution in the United States are also not contacts between HZR and South Carolina. ZC Rubber and ZC Rubber America are not HZR. As such, their contacts are not HZR's contacts. *See Hanson*, 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). Even assuming ZC Rubber and ZC Rubber America's contacts could be imputed to HZR, those contacts are with the United States and with California. Contacts with the United

States as a whole and with California are insufficient to provide South Carolina with jurisdiction over HZR.

In short, Plaintiff has failed to show HZR, which is incorporated and has its principal place of business in China, has such extensive and lasting contacts with South Carolina that it is at home here and should expect to appear in a court in South Carolina. This is especially so in light of HZR's extensive, and uncontroverted, arguments HZR lacks any meaningful contacts with South Carolina. Specifically, HZR notes it has never been registered or authorized to do business in South Carolina, has never directed marketing towards South Carolina, has no property in the State, pays no taxes in the State, and has no agreement to service, sell, or promote in South Carolina. HZR advances it has never directly sold or shipped products to South Carolina and has never filed a lawsuit in the State or voluntarily submitted to South Carolina's jurisdiction. For these reasons, Plaintiff has failed to make even a prima facie showing this Court may properly exercise general personal jurisdiction over HZR. The Court thus holds exercising such jurisdiction would be unfair. For those reasons, the Court holds it may not properly exercise general personal jurisdiction over HZR.

## VI. CONCLUSION

In conclusion, for the reasons stated above, the Court **GRANTS** Defendant HZR's motion to dismiss, ECF No. 40. Accordingly, Defendants Huangzhou General Rubber Factory and Huangzhou Zhongce Rubber Co., Ltd. are **DISMISSED** from this action.

**IT IS SO ORDERED.**

Signed this 14th day of May, 2018, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE